CHERRY *et al. v.* BIVENS *et al.*

(Division B. March 27, 1939.)

[187 So. 525. No. 33468.]

Wynn, Hafter & Lake, of Greenville, for appellants.

Percy & Farish, of Greenville, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

On November 1, 1937, the appellants filed a bill in the Chancery Court of Washington county, alleging that they were officers of the W. B. Derrick Lodge No. 184 of Free and Accepted Masonry in the State of Mississippi, a subordinate of the Grand Lodge of the State of Mississippi; that the Lodge of which the complainants claimed to be officers, composed of members of the colored race, had existed in the city of Greenville, Mississippi, a long time; and set out certain other persons as being members thereof, alleging that the complainants were duly recognized as officers and members of the Lodge by the Grand Lodge, under whose jurisdiction the W. B. Derrick Lodge exists and operates. The bill alleged that the defendants, J. H. Bivens, C. H. Garrett, H. C. Thomas, Clarence Young, and Will Reed, are now, and have been in the past, falsely and fraudulently representing themselves as officers and members of the said W. B. Derrick Lodge, but that, in fact, they are not members of said Lodge, and are not entitled to hold themselves out as such, or to represent the Lodge in any way.

Complainants further allege that the defendants now retain, and are using, minute books, paraphernalia and cash books belonging to the Lodge; that they are holding in their possession certain real estate known as the "Live Oak Cemetery," and have in the past sold lots in the cemetery, and are now offering other lots for sale

for burial purposes; that their conduct in this behalf is resulting in confusion, and that persons desiring to purchase lots are misled by the defendants in asserting ownership and custodianship of said lots. They allege that in the past the defendants executed conveyances to lots in the cemetery, and received large amounts of money therefor, acting without authority or consent of the complainants or the Lodge which they represented, and refused to account for the funds received for the sale of the lots; that they have attempted to sell buildings belonging to the complainants, and will continue to do so unless restrained by the court.

The complainants further allege that up to December 4, 1935, the defendants were officers of this Lodge, and as such collected dues and emoluments belonging to the W. B. Derrick Lodge, for which they failed and refused to account to the Lodge or its proper officers; that the complainants did not have the records showing the amount of money so collected by the defendants, who have in their possession the books and records which show the true and correct amounts which the defendants have so collected, and to which the complainants contend that they are entitled to an accounting. The complainants pray for an accounting, and that the defendants shall plead, answer and demur to the bill, and be required, under oath, to render a complete and adequate accounting of all sums of money collected by them as members of the W. B. Derrick Lodge, and that they be required to render, under oath, a complete and adequate accounting of all sums collected from the sales of lots and property of the W. B. Derrick Lodge, etc.

The defendants answered, denying that the complainants were officers of the Lodge, admitting that all parties to the suit were members of the colored race, denying that those named as officers by the complainants are legally officers of the W. B. Derrick Lodge, or have been in the past, or that defendants are not members of the Lodge. They admit that they retained and are using the

minute book, official paraphernalia and cash books of the Lodge, and that they are holding certain real estate, and have in the past executed conveyances to lots in the cemetery, and received money therefor; but deny that the complainants are entitled to the money so collected, or that they have done anything in fraud of the rights of the complainants. In other words, the defendants deny the material allegations of the bill, so far as the right to hold office in the conplainants is concerned, or as to their being officers, the defendants claiming to be the true officers in charge of the Lodge, etc.

It appears from the evidence that an auditor, or a person claiming to be an auditor, of the Stringer Grand Lodge of Free and Accepted Masons of Mississippi, undertook to audit the Lodge, and claimed to have found some discrepancies, which he reported to John L. Webb, Grand Master; whereupon Webb, on the 15th day of October, 1936, addressed a communication to the defendants, charging them with being in open rebellion to the mandates of the Grand Lodge, and with being guilty of embezzlement; "and it therefore becomes my painful duty to arrest your jewel and suspend you and your associates from office until after this whole audit is cleared up, and justice is meted out to all concerned. And you and your associates are hereby ordered to turn over to Bro. Cherry the charter, books, seal, money and all property of whatever nature of W. B. Derrick Lodge, and have nothing further to do with Derrick Lodge as officers."

No notice or hearing was given to the defendants of any charges brought against them, or opportunity to be heard before being suspended and deprived of their offices and positions in the Lodge.

The powers of the said Grand Master, upon which he relied to justify his action in suspending defendants and depriving them of their offices, are what are termed "Landmarks," adopted by the Stringer Grand Lodge, which were as follows: "(1) The Grand Master may

suspend any lodge or officer of the lodge from his official station for good cause. (2) The Grand Master may arrest the charter of a lodge or the jewel of any officer for good cause. (3) When the jewel of an officer is arrested he cannot serve in the capacity of an officer. (4) When the charter of a lodge is arrested it cannot meet and transact business as such. (17) Every Free Mason is amenable to the laws and regulation of the Masonic jurisdiction in which he resides.''

The defendants were in possession of the offices and Lodge, and retained possession and continued to hold meetings, etc. But after the attempted deprivation of their offices and suspension of their jewels by the said Grand Master of the Stringer Grand Lodge, the Grand Lodge refused to receive the delegation selected by the defendants, and the Lodge members associated with them, but recognized a contending faction without any trial or hearing or notice of the charges or act for which the deprivation of offices and jewels of the Lodge were undertaken to be had.

There was an effort on the part of the officers of the Grand Lodge to get all the members of the Derrick Grand Lodge to meet in the lodge room of another Lodge in the city of Greenville, and to permit the members of both Lodges to hear and settle the rights of the parties plaintiff and defendant; and such open Lodge was held by the members of both Lodges, which the defendants declined, and offered to submit to an open meeting of the Lodge with its members in their own hall, which the Grand Officers refused to accept.

The Chancellor dismissed the bill, and from that dismissal this appeal is prosecuted.

As stated, the bill was filed in a court of equity, and it is contended in the case that the Grand Master did not have to give any notice, that he was the sole judge, and from his judgment no appeal lay, and that his action debarred the defendants from further holding office; and

required them to surrender their positions and jewels, as directed.

The proceedings by which the powers of the Grand Master should be exercised were not prescribed; but those powers were to be exercised for good cause.

It is a fundamental principle that a person is entitled to notice and hearing before being deprived of his rights. Under the Constitution of Mississippi, section 24, every person for an injury done him in his lands, goods, person or reputation is entitled to remedy in due course, and by the Mississippi Constitution, as well as the Fourteenth Amendment to the Federal Constitution, U. S. C. A., no person can be deprived of life, liberty or property, except by due process of law. And while a fraternal society, social or religious organization is not within the letter of the provisions named, yet the state has established, as a matter of public policy, the rights mentioned, and the positions in such organizations, are valuable rights pertaining to the liberty of the citizen, and affects his reputation if he is expelled from such organization, or deprived of his rights without an opportunity to be heard. It would be fundamentally unjust to deprive a person of these offices in such organizations, and to have his reputation affected by the fact that he was expelled, or his rights forfeited by superior officers.

The expression, ''good cause,'' implies that it shall not be arbitrary, and that the defendant shall have a right to a hearing as to the facts alleged to constitute such ''good cause.'' Arbitrary action is not favored in any field of social, fraternal, religious, or other organization; and a court of equity will not afford relief to one who seeks relief while guilty of misconduct, or of such acts as would perpetrate wrong and injustice to others.

It is generally held by the authorities that members of an organization of the character here involved, before being deprived of their offices, membership and other rights, must have a hearing and opportunity to defend, or to meet the charges preferred against them. We are

not confronted here with the rule that would give plenary authority to the Grand Master without cause, and without a hearing, to suspend or expel, provided that was stipulated in the proceedings by which a person became a member. It is doubtful whether such a rule would be upheld, because it would be purely arbitrary, and capable of inflicting a wrong upon a person, without remedy. But the meaning of the rule here, when it stipulates for "good cause," must be that it shall not be arbitrary, and that a hearing shall be had. The law upon the subject is contained in a case reported in 94 A. L. R., page 629, to which an annotation is appended by the A. L. R. editorial staff. The style of this case is Wichita Council No. 120 of Security Benefit Ass'n et al. v. Security Benefit Ass'n., 138 Kan. 841, 28 P. (2d) 976, 94 A. L. R. 629, with case notes beginning at page 639. The complainants here have not come into equity with clean hands.

On a consideration of the law and facts contained in this record, we are of the opinion that the action of the Chancellor in dismissing the bill was proper. Had there been a hearing in the matter, a different question would have been presented.

Affirmed.